UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JERMEL D. POPE, )
 )
       Plaintiff, )
 )
   vs. )   16-CV-1123
 )
M. HEWITT, *et al.*, )
 )
       Defendants. )

## MERIT REVIEW ORDER

     This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

     In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

     The plaintiff is a federal inmate currently housed at the Pekin Federal Correctional Institution. The plaintiff claims that the defendants violated his constitutional right to access the courts and retaliated against him. As for access to the courts, the plaintiff claims that defendants are refusing to keep a log of all out-going legal mail as required by a Bureau of Prisons ("BOP") policy. The plaintiff claims that, without such a log, the plaintiff cannot keep track of and prove when he sent legal mail. As for the retaliation, the plaintiff states that, after he complaint about the defendants not keep a log, the defendants began refusing to keep copies of outgoing mail for inmates and informed inmates that they would need to pay for such copies and could send legal mail by certified mail if they wanted a record of the mailed date.

     Plaintiff's Complaint fails to state a claim upon which relief can be granted. As for his denial of access to the Courts, a claim that the defendants violated a BOP regulation is insufficient to base a *Bivens* case. *Collins v. Webster*, 2013 WL 364574, * 9 (S.D. Ind. Jan. 30, 2013)("even if a violation of a BOP policy occurred, it would not rise to the level of a *Bivens* complaint."). In any event, the plaintiff has failed to allege that he suffered any actual

injury as a result of the alleged denial of access to the courts. In order to state such a claim, the plaintiff would need to allege, and ultimately prove, "that the alleged [violation] . . . hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement . . . [o]r that he had suffered arguably actionable harm that he wished to bring before the courts ... [but] was unable even to file a complaint." *Lewis v. Casey,* 116 S.Ct. 2174 (1996). The plaintiff has not alleged that he suffered any actual injury, and so, his Complaint fails to state a claim.

As for his retaliation claim, the plaintiff has not alleged that he engaged in an exercise that was protected by the First Amendment. Instead, he claims that the defendants retaliated against him because he complained about a BOP policy. That is insufficient to state a claim for retaliating against him in violation of his First Amendment rights. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)(a plaintiff must demonstrate that: "(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor" behind the retaliatory actions.).

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order, stating, with specificity, what occurred and what relief is being sought. Plaintiff should be specific in what he was prevented from doing in violation of his constitutional rights and exactly who was involved in the alleged deprivation. If the plaintiff fails to file an amended complaint or follow the court's specific instructions his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

ENTERED this 6th day of June, 2016.

/s/Harold A. Baker
_____
HAROLD A. BAKER
United States District Judge